IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,      CIV. NO. S-10-1071 WBS CKD PS

vs.

VICTORIA ELIZABETH JUAREZ,

     FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

Before the court is defendant's motion to set aside the default judgment entered in favor of plaintiff on February 11, 2011. (Dkt. No. 19) The motion has been referred to the undersigned for further proceedings and findings and recommendation. (Dkt. No. 20.) After reviewing the papers in support of the motion, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

BACKGROUND

    On April 30, 2010, plaintiff filed the underlying complaint in this action, alleging that defendant unlawfully intercepted and intentionally exhibited a broadcast of a televised boxing match titled "The Battle of East and West": Manny Pacquiao v. Ricky Hatton, IBO Light Welterweight Championship Fight Program ("Program") in her establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of 47 U.S.C. §

1

1  605, 47 U.S.C. § 553, and state law.  (Dkt. No. 1.)  The summons and complaint were properly
2  served on defendant by substituted service on July 16, 2010.  (Dkt. No. 5.)  On October 18, 2010,
3  plaintiff filed a request for entry of default on the basis that defendant had failed to appear or
4  otherwise respond to plaintiff's complaint.  (Dkt. No. 6.)  The request for entry of default was
5  served on defendant by mail.  (Id.)  The Clerk then entered default against defendant on October
6  19, 2010.  (Dkt. No. 8.)

7  Subsequently, on December 16, 2010, plaintiff filed a motion for default
8  judgment, which was again served on the defendant.  (Dkt. No. 11.)  Defendant did not file an
9  opposition to the motion.  On January 21, 2011, the previously assigned magistrate judge issued
10 findings and recommendations recommending that default judgment be granted in the amount of
11 $25,000.  (Dkt. No. 16.)  On February 11, 2011, the district judge adopted the findings and
12 recommendations and default judgment was entered.  (Dkt. Nos. 17, 18.)  Several months later,
13 on July 11, 2011, defendant filed the instant motion to set aside the default judgment.  (Dkt. No.
14 19.)

15 DISCUSSION

16 As an initial matter, the court notes that while defendant's motion is titled as a
17 "motion to set aside entry of default" in the caption and references Fed. R. Civ. P. 55(c) in the
18 introduction, the footer refers to it as a "motion to set aside default judgment."  (See Dkt. No. 19,
19 at p. 1.)  Because a default judgment has already been entered, the court construes it as a motion
20 to set aside the default judgment pursuant to Fed. R. Civ. P. 60(b).

21 As a general matter, "judgment by default is a drastic step appropriate only in
22 extreme circumstances; a case should, whenever possible, be decided on the merits." United
23 States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir.
24 2010).  Thus, Fed. R. Civ. P. 60(b) allows a defendant to be relieved from a final judgment for
25 various reasons, including excusable neglect.  See Fed. R. Civ. P. 60(b).  "This does not mean, of
26 course, that the moving party is absolved from the burden of demonstrating that, in a particular

case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). To determine whether good cause exists to set aside a default judgment under Fed. R. Civ. P. 60(b), a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether that party has no meritorious defense; and (3) whether plaintiff would be prejudiced if the default judgment is set aside. Mesle, 615 F.3d at 1091. A finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default judgment. Id. This same test is applied when determining whether a default should be set aside under Fed. R. Civ. P. 55(c); however, the test is applied more strictly with respect to default judgments due to the "interest in the finality of the judgment." Id. "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." TCI Group Life Ins. Plan, 244 F.3d at 696.

Culpable Conduct

The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Group Life Ins. Plan, 244 F.3d at 697 (emphasis in original). The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. Id. "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional'...and is therefore not *necessarily* - although it certainly may be, once the equitable factors are considered - culpable or inexcusable." Id. at 697-98.

Here, defendant contends that she acted with excusable neglect. She states that, around August 2010, she experienced medical problems with a torn rotator cuff, and that her financial circumstances prohibited her from obtaining legal representation. Additionally, she

argues that she relied, to her detriment, on a business partner who represented that a friend of his would be able to represent both of them in these types of cases.

Even assuming the truth of all defendant's representations, she fails to explain why this motion was not filed until July 11, 2011. The court's records show that defendant is involved in other similar cases in the Eastern District of California. (See Joe Hand Promotions, Inc. v. Juarez, 2:10-CV-920-LKK-DAD, and G&G Closed Circuit Events, LLC v. Juarez, 2:10-CV-2146-LKK-GGH.) Defendant admits in her motion that all three cases were brought to her attention in August 2010 around the same time.[1] (Mot. at 2.) Defendant first participated in the G&G Closed Circuit Events, LLC case on February 15, 2011, when she filed objections to findings and recommendations issued February 2, 2011, recommending that the plaintiff's motion for default judgment be granted in part. (See 2:10-CV-2146-LKK-GGH, Dkt. No. 16.) In that case, defendant eventually moved for and obtained an extension of time to file a motion to set aside the entry of default. (Id., Dkt. Nos. 20, 22.) As such, defendant was clearly aware of what steps to take to contest the default and/or to request an extension of time. However, in this case, even though findings and recommendations recommending that plaintiff's motion for default judgment be granted were issued on January 21, 2011 (dkt. no. 16.), defendant failed to file any objections or request an extension, and did nothing until filing the instant motion more than five months later. (Dkt. No. 19.)

Defendant provides no credible explanation for why she did not take action in this case until July 2011, despite her activity in the G&G Closed Circuit Events, LLC case. Given her choice, and apparent ability, to participate in that action, the court must conclude that she chose not to participate in this action. That deliberate choice constitutes culpable conduct that

---

[1] Although defendant claims that she did not receive several "letters" that were sent to her closed restaurant, defendant was properly served via substituted service at her home. (Dkt. No. 5.) Moreover, the request for entry of default and motion for default judgment were served on defendant at her home, which is still listed in the court records as her current address. (Dkt. Nos. 6, 11.) In any event, defendant does not dispute that she had notice of the instant action.

led to the default, and militates against setting aside the default judgment.

### Meritorious Defense

The primary inquiry in evaluating the meritorious defense factor involves determining "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). "If...the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment." TCI Group Life Ins. Plan, 244 F.3d at 697. To establish a meritorious defense sufficient to justify vacating a default judgment, the moving party must "present the district court with specific facts that would constitute a defense" – a mere general denial and/or conclusory statements are insufficient. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004).

Here, defendant merely makes a blanket statement that she has "a good and meritorious defense for relief alleged." (Mot. at 1.) She fails to present any specific facts that could constitute a defense to plaintiff's claims. Without such a showing, the default judgment cannot be set aside. See Hawaii Carpenters' Trust Funds, 794 F.2d at 513 (holding that setting aside an entry of default in the absence of some showing of a meritorious defense would be an abuse of discretion).

### Prejudice to plaintiff

Defendant does not address this factor in her motion. However, the court notes that defendant was initially served with process on July 16, 2010. Almost a year later, on July 11, 2011, defendant for the first time elected to participate in the action by filing the instant motion. It is true that "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan, 244 F.3d at 701. Naturally, setting aside a default judgment in any case would involve delaying resolution of the case. However, the length in the delay here is key. Defendant waited approximately *five months* before contesting the default judgment with no justifiable excuse. That delay may likely lead to

increased difficulties in discovery, for example in tracking down former restaurant employees and patrons who may have been percipient witnesses.  See TCI Group Life Ins. Plan, 244 F.3d at 701.

CONCLUSION

In sum, defendant has not made a satisfactory showing of good cause necessary to set aside the default judgment.  Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to set aside the default judgment (dkt. no. 19) be denied.

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5
J&J.1071.default.judgment.set.wpd